**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**


**DESHANNA CHAPMAN and**
**SHERMAINE DIXON**                                                    **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 3:11-cv-688 HTW-LRA**

**KROGER LIMITED PARTNERSHIP;**
**KRCP, INC; THE KROGER COMPANY;**
**DAVID THORNTON, in his official**
**and personal capacities; SUPERIOR**
**MAINTENANCE SERVICE, INC.;**
**SUPERIOR MAINTENANCE, LLC;**
**JOHN DOE 1; AND DOE DEFENDANTS 2-10**              **DEFENDANTS**


## ORDER DENYING MOTION TO REMAND

Before the court is a motion to remand [docket no. 3] filed by plaintiffs Deshanna Chapman and Shermaine Dixon.

### I. Background

On or about April 24, 2011, Deshanna Chapman was shopping at the Kroger grocery store located at 6745 Siwell Road in Byram, Hinds County, Mississippi, when she allegedly slipped on a liquid substance on the floor and fell, twisting and landing on her right knee.  On October 6, 2011, Chapman and her husband, Shermaine Dixon, filed suit in the County Court of Hinds County, Mississippi, ("state court") against Kroger Limited Partnership; KRCP, Inc.; The Kroger Company; David Thornton, in his official and personal capacities; Superior Maintenance Service, Inc. ("SMS"); Superior Maintenance, LLC ("the LLC"); John Doe 1; and Doe Defendants 2-10.

David Thornton was the store manager of the Kroger in question at the time Chapman allegedly fell on April 24, 2011.[1]  A floor maintenance company was working in the store at the time of the incident.  This company, say plaintiffs, which was in the process of cleaning the floor when Chapman fell, caused the slippery liquid to be spilled on the floor.[2]  Plaintiffs are unsure about the identity of this company, but venture a guess that said company was SMS and/or the LLC.[3]

Chapman claims that "[her] leg and knee were severely injured."[4]  She claims that as a result of the defendants' combined negligence, and/or gross negligence, she sustained serious injuries including "tendinitis, severe and continuing physical pain, an edema of her distal femur, hematoma, swelling, stiffness, contusions, and mental anguish."[5]  Plaintiff also claims damages for "loss of enjoyment of life, hedonic damages, medical bills, prescription drug costs and other damages."[6]  Chapman anticipates that "as [her] injuries develop," she may suffer from "permanent physical pain, impairment, disfigurement, and/or a loss of past, present and future income."[7]

Dixon claims loss of consortium.  Under Mississippi jurisprudence, which must be followed where, as here, federal subject matter jurisdiction is predicated upon diversity

---

[1]Complaint, ¶ 24.

[2]Complaint, ¶ 17.

[3]Complaint, ¶ 25.

[4]Complaint, ¶ 16.

[5]Complaint, ¶ 19.

[6]Id.

[7]Id.

2

of citizenship,[8] Title 28 U.S.C. § 1332,[9] loss of consortium is defined as "[a] loss of the benefits that one spouse is entitled to receive from the other, including companionship, cooperation, aid, affection, and sexual relations." Black's Law Dictionary, Abridged Seventh Edition, 2000. *See also Fitch v. Valentine*, 959 So. 2d 1012, 1018-20 (Miss. 2007). Plaintiff has the burden of persuasion by a preponderance of the evidence. *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 589 (N.D. Miss. 2011) (the general rule of civil litigation requires a plaintiff to prove his case by a preponderance of the evidence) (citing *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)).

Plaintiffs do not state the specific amount of damages they seek.  For the purposes of County Court jurisdiction,[10] however, the complaint states that the damages in this matter do not exceed $200,000.00, exclusive of costs and interest.[11]  Plaintiffs seek:

---

[8]"Under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938), in a diversity case a federal court must apply the substantive law of the state while following federal procedural rules." *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997) (citing *Hanna v. Plumer*, 380 U.S. 460, 471, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)).

[9] Title 28 U.S.C. § 1332 provides in pertinent part:

  (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

        (1)  citizens of different States;  ...

[10]Mississippi Code Annotated § 9-9-21(1) provides, in pertinent part, that "[the county court] shall have jurisdiction. . . concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($ 200,000.00)."

[11]Complaint, ¶ 1.

the recovery of any and all kinds of general, compensatory, economic, expectation, statutory, incidental, consequential, lost profits, medical bills, pharmacy expenses, property damages, loss of wages, and any other type of damages incurred as a result of this incident, including but not limited to the court's jurisdiction in actual damages, plus cost, interests, attorneys' fees and expenses, lost profits, expectation, statutory, incidental, consequential and other kinds of damages.[12]

Plaintiffs also seek punitive damages.[13]

SMS; Kroger Limited Partnership; KRCP, Inc.; and The Kroger Co. removed this case on November 7, 2011,[14] on the basis of diversity jurisdiction under Title 28 U.S.C. § 1332(a).[15]  SMS asserts the citizenship of the parties as follows.  Plaintiffs are both citizens of Mississippi.  Defendants Kroger Limited Partnership; KRCP; and The Kroger Co. are citizens of Ohio.  Defendant Thornton is a citizen of Mississippi.  Defendant SMS is a citizen of Tennessee, and the LLC is a citizen of Mississippi.  SMS contends that Thornton and the LLC are fraudulently joined;  thus, says SMS, this court has diversity jurisdiction.  No party disputes that the answer to this question of remand does not involve John Doe 1 or Doe Defendants 2-10.  The pronouncement of Title 28 U.S.C. § 1441(b)(1) is clear: "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a). . . the citizenship of defendants sued under

---

[12]Complaint, ¶ 59.

[13]Complaint, ¶ 62.

[14]It is unclear if or when the various defendants were served. The timeliness of removal is not disputed.

[15]Title 28 U.S.C. § 1332(a) states in pertinent part that ""[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." In determining whether a civil action is removable on the basis of diversity jurisdiction under § 1332(a), this court disregards the citizenship of the defendants in this case sued under fictitious names.  Title 28 U.S.C. § 1441(b)(1).

fictitious names shall be disregarded."

## II.  Discussion

Plaintiffs assert that remand is proper because no diversity of citizenship lies here where both plaintiffs – Chapman and Dixon – and two of the defendants – Thornton and the LLC – are citizens of Mississippi.  Defendants respond that the non-diverse defendants are fraudulently joined.  If they are dismissed from the lawsuit, say defendants, the remaining parties would be diverse and since the plaintiffs' complaint unambiguously seeks the requisite jurisdictional amount on its face, this court would have subject matter jurisdiction under § 1332.

During the hearing on this matter, plaintiffs offered to stipulate that they would not seek an amount in excess of $75,000.00, exclusive of costs and interest, in order to create the circumstances proper for remand.  The thrust of this offer is to guarantee that this lawsuit will be remanded to state court no matter what ruling the court may issue on the matter of the parties' citizenship.  Subject matter jurisdiction under § 1332 lies only upon a finding of diversity of citizenship between the parties, and a finding that the requisite amount in controversy exceeds $75,000, exclusive of costs and interest.  The offered stipulation would negate this necessary second prong. *Thrash v. New Eng. Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 694 (S.D. Miss. 2008) (where the basis for jurisdiction is ambiguous at the time of removal, stipulations to the amount of relief requested may be considered in determining the amount in controversy at the time of removal) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

### A.  Standard

Under Title 28 U.S.C. § 1441(a), "any civil action of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof. *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). To determine whether jurisdiction is present for removal, this court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*

### B. Fraudulent Joinder Analysis

A civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties properly joined and served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2). Having in this lawsuit defendants which are citizens of the state in which this action was brought and in which the plaintiffs are citizens, the parties dispute whether the non-diverse defendants are properly joined and, thus, whether this case was properly removed.

A motion to remand will be denied on grounds of fraudulent joinder only if based on "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Since no party contends that actual fraud has been committed, this court will look only to the second test. Under this test, the defendant

must demonstrate that no reasonable basis exists for predicting that the plaintiff will recover against the non-diverse defendants.  *Id.*

The removing party bears the burden of demonstrating improper joinder.  *Irby*, 326 F.3d at 649.  All disputed questions of fact and ambiguities of law must be resolved in favor of the plaintiff.  *Id.* at 647.  The plaintiff, however, may not rely solely on the allegations in his complaint;  the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court.  *Id.* at 648-49.

**1.  Thornton**

This court first addresses plaintiffs' basis for including Thornton in this lawsuit. Other than naming Thornton in the list of defendants in the opening paragraph, plaintiffs' complaint specifically references Thornton twice, stating:

> 9. Defendant David Thornton, upon information and belief is an adult resident citizen of Hinds County, Mississippi and may be served with process at 6745 Siwell Road, Byram, MS 39272.

. . . .

> [and]

> 24. At all relevant times, Defendant David Thornton was the store manager of the Kroger located at 6745 Siwell Road, Byram, MS 39272.

Thornton states by affidavit that he indeed is a manager at the location where Chapman allegedly fell.[16]  He states, however, that he was off work and was not present, or in charge in any manner, at the Kroger store on the day of the incident.

Plaintiffs do not dispute Thornton's assertion.  They simply explain that they knew *a* manager was on duty at the time because Chapman spoke to a manager after

---

[16]Exh. A, Defendant's Response to Plaintiffs' Motion to Remand.

7

her fall.  Plaintiffs concede that they do not know the name of the manager or whether the person was an associate manager. Plaintiffs state that they filed suit against Thornton only because they learned that he was a manager at the store.  Plaintiffs have nothing more.

Defendants win this argument.  Plaintiffs have no proof that Thornton was either directly or indirectly involved in this mishap.

This court, then, is left with no reasonable basis to predict the plaintiffs will recover against Thornton.  Therefore, this court dismisses Thornton from this lawsuit.

## 2.  The LLC

Thornton's affidavit also states that at the time of the alleged incident, the only contract or agreement between the Kroger store and a floor cleaning company was between Kroger and SMS.  Thornton asserts that "[the LLC] had no contract or connection of any kind with the Kroger store where the alleged accident occurred," and no agent or employee of the LLC performed any services in the store on the date of the fall.

Defendants also submit the affidavit of Robert Trejda, the operations manager of SMS.[17]  Trejda's affidavit states, similarly to Thornton's, that while SMS had a contractual relationship with Kroger for floor cleaning service, no contractual relationship or other connection existed between Kroger and the LLC.  SMS further states that "SMS has never had any affiliation or connection of any kind with [the LLC]."

The defendants, then, have produced two affidavits stating that the LLC had no connection with Kroger or the events in question.  Plaintiffs have produced no affidavits

---

[17]Exh. B, Defendant's Response to Plaintiffs' Motion to Remand.

or any other evidence beyond the pleadings on the issue.

Considering the pleadings but looking beyond the pleadings to all the evidence submitted, this court finds no reasonable basis for predicting the plaintiffs will recover against a defendant which has no apparent connection to the events in question or to the parties involved.  Therefore, the LLC, too, is dismissed from this case.

With the disappearance of Thornton and the LLC from this action, this court finds that  the citizenship of the plaintiffs is diverse from that of the defendants.  In order to determine whether this court has subject matter jurisdiction under § 1332, this court must resolve one remaining issue – the amount in controversy.  *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (jurisdiction upon removal requires the court to find both that the parties are diverse and that the amount in controversy exceeds $ 75,000.00).

## C.  Amount in Controversy

By an *ore tenus* motion, plaintiffs have offered to stipulate that if this lawsuit is remanded to state court, they will not seek damages above $75,000.00, exclusive of costs and interest.  If accepted, this stipulation would require this court to remand this matter to state court because, to have subject matter jurisdiction, this court must have both diversity of citizenship and the requisite minimal amount for subject matter jurisdiction.

Defendants are not moved to join in the stipulation.  They favor the federal forum, even though under plaintiffs' offered stipulation they may be able to cap on remand their exposure to damages.  Since defendants have rejected the plaintiffs' offer to stipulate, this court will proceed to analyze plaintiffs' complaint to determine whether the

jurisdictional amount prong is met.

When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Garcia*, 351 F.3d at 638-639. This burden may be fulfilled in one of two ways. *Id.* at 639. The first means is to show that it is facially apparent from the plaintiffs' complaint that their claims are likely above $75,000.00, exclusive of costs and interest. *Id.* If the value of the claims is not apparent, the second way to establish the amount in controversy is by setting forth the facts, either in the removal petition or by affidavit, that support a finding of the requisite amount. *Id.*

The first means is sufficient in this case. In response to the ore tenus motion, the defendants noted during the hearing that the plaintiffs seek damages, to name a few, for "severe" and "permanent" injuries, lost wages, past and future medical bills, punitive damages, and non-economic damages for two plaintiffs. Clearly, such claims for damages meet the jurisdiction threshold of $75,000.00, exclusive of costs and interest. The complaint expressly indicates as much. In the damages section of the complaint, quoted above, plaintiffs request damages "including but not limited to the court's jurisdiction," which is $200,000.00.[18] The amount-in-controversy prong of § 1332 is met.

### III.  Conclusion

For the foregoing reasons, this court finds that it has diversity subject matter jurisdiction under Title 28 U.S.C. § 1332(a). Therefore, plaintiff's motion to remand [docket no. 3] is denied. The parties shall contact the Magistrate Judge in order to enter

---

[18]Complaint, ¶ 59.

a scheduling order.

SO ORDERED, this the 7th day of March, 2012.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Civil Action No. 3:11-cv-688 HTW-LRA
Order Denying Motion to Remand

11